orders, to be persuasive. The record, which includes the audits made by the Commissioner, demonstrates a rational basis for the orders. The fact that it was bottomed on projections does not detract from the acceptability of the orders. (*Matter of Schwartz v Heimann,* 64 AD2d 925, mot for lv to app den 45 NY2d 1005.) These must, therefore, be upheld (*Matter of Greene v Goodwin,* 46 AD2d 69), since under section 31 (subd 1, par [a]) of the Private Housing Finance Law the power to order an increase rests in the Commissioner's sound discretion. There remains an additional question for disposition. The leases submitted to the tenants of these buildings and executed by them contain a provision authorizing a deduction of monthly rental from the tenants' wages. This, it is contended, is violative of section 193 of the Labor Law. Special Term granted petitioners a temporary injunction enjoining the enforcement of this provision of the lease pending final determination of the proceeding. There are a number of reasons why this temporary injunction must be vacated. To begin with this is a proceeding to review the determination of the Commissioner. That question was never presented to him and he did not decide the issue. It was dragged in, for the first time, before Special Term. Hence, it was not preserved for review by Special Term or by us. Secondly, if the matter had been raised before the Commissioner there is grave doubt of his jurisdiction to decide it. Finally, the issue is one singularly inappropriate for determination in an article 78 proceeding. However, while we reverse, we recognize that the parties have never had a fair opportunity to litigate the issue in a forum having jurisdiction. Accordingly, our reversal is without prejudice to such action as petitioners may deem advisable. Concur — Asch, J. P., Silverman, Bloom, Fein and Kassal, JJ.

■ In the Matter of SOL TAPPER, an Attorney. — Matter referred to the Departmental Disciplinary Committee for the First Judicial Department, and pending final determination of the petition, respondent is suspended from practice as an attorney and counselor at law in the State of New York effective February 9, 1984 and until the further order of this court. Concur — Sandler, J. P., Sullivan, Asch, Bloom and Kassal, JJ.

■ In the Matter of ROBERT I. HODES, an Attorney. — Motion for a stay denied. Concur — Kupferman, J. P., Sandler, Carro, Asch and Bloom, JJ.

# (February 14, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DEL'OSTIA, Also Known as MARIO MAGADINO, Appellant. — Judgment, Supreme Court, Bronx County (Burton Hecht, J.), rendered on April 13, 1982, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Murphy, P. J., Sandler, Carro and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EDWARDS, Appellant. — Judgment, Supreme Court, Bronx County (Carmen Ciparick, J.), rendered on June 11, 1982, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no